UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYUNG SONG,<br><br>Defendant | Crim. No.  18-CR-10217-DPW |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, United States Attorney Andrew E. Lelling, and Assistant U.S. Attorneys Amy Harman Burkart and David J. D'Addio, respectfully submits this memorandum in advance of defendant Kyung Song's sentencing hearing.  For the reasons set forth below, and based upon consideration of the advisory guidelines sentencing range ("GSR") and all of the sentencing factors identified in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose a sentence of incarceration at the low end of GSR, to be followed by a 12-month term of supervised release.

**I.      Background**

On September 20, 2018, Song pleaded guilty to a one count Information, charging him for participation in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  Song was originally arrested on a criminal complaint on March 12, 2018, along with four other members of the organization.

Song's conduct is summarized accurately in the Presentence Report ("PSR") at paragraphs 17, 28-36, and 50-51.  From at least 2013 until March 12, 2018, Song's co-conspirators operated a high-end interstate prostitution network operating out of apartments in Massachusetts, Virginia,

and Georgia.  PSR ¶ 7.  Song's roles included transporting women and supplies to and between the Cambridge brothel locations, retrieving money from the Cambridge brothels, and laundering proceeds through ATM deposits and postal money orders.  PSR ¶ 28.  In this capacity, he visited the Cambridge brothels multiple times each week in December 2017, January 2018, and March 2018.  Id.

Specifically, as described in the Declaration of Special Agent Errol Flynn ("Declaration Affidavit" or "Flynn Dec")[1], at the direction of Tahee Kim (T. Kim), the leader of the organization, Song would receive cash proceeds in white envelopes from the brothels and deposit the proceeds into bank accounts owned and controlled by T. Kim and her husband, Yoon Kim (Y. Kim).  Flynn Dec. ¶ 2-4.  Song made these deposits using debit cards controlled provided by T. Kim for this purpose.  Flynn Dec. ¶ 4.

## II.     Advisory Guidelines Sentencing Range

*The Applicable Guidelines Calculations*

All parties agree that the base offense level pursuant to (USSG §2S1.1(2)) is eight, plus the number of offense levels from 2B1.1 that corresponds to the value of the laundered funds.  The Government submits that, as the loss attributable to Song was more than $15,000 and less than $40,000, the level should be increased by six, as outlined further below.  The Defendant disputes that calculation.

All parties agree that, in accordance with § 2S1.1(b)(2)(B), Defendant's offense level is increased by two, because Defendant has been convicted under 18 U.S.C. § 1956(h).  Further, all

---

[1] The Flynn Declaration was filed under seal, due to the sensitive nature and financial account information provided therein.

parties agree Song is entitled to a three point decrease for acceptance of responsibility under USSG § 3E1.1.

All parties agree that Song has no prior criminal history and is thus Criminal History Category I.

Based on the above calculations, the Government and the United States Probation Office agree that Song has a Total Offense Level of 13 and that at Criminal History Category I his Guidelines Sentencing Range is 12-18 months.

*The Value of the Laundered Funds Attributable to the Defendant*

The Government has taken a conservative and reasonable approach in calculating the value of the laundered funds attributable to Song. Despite the fact that he visited the brothel locations several times a week during the time that he worked for the organization, and that the organization overall generated significant profits, the Government has not sought to extrapolate an estimate of the funds deposited each week. Rather, the Government has focused narrowly on the specific evidence gathered that directly implicates Song, as outlined in the below chart and detailed in narrative form in the Flynn Declaration.

| Date of Evidence | Source | Evidentiary Support | Value of Funds |
| --- | --- | --- | --- |
| 1/11/2018 (9:49 a.m.) | Song Trash - Deposit Receipt, Wells Fargo | Flynn Dec. ¶ 10(a) (Ex. A) and ¶ 13 (Ex. H) | $2,000 |
| 1/11/2018 (10:15 a.m.) | Song Trash – Deposit Receipt, Wells Fargo | Flynn Dec. ¶ 10(b) (Ex. A) and ¶ 13 (Ex. H) | $1,500 |
| 12/27/2017 | Song Trash – Deposit Receipt, TD Bank | Flynn Dec. ¶ 10(c) (Ex. B) and ¶ 14(b) (Ex. I) | $2,130 |
| 12/31/2017 | Song Trash – Deposit Receipt, TD | Flynn Dec. ¶ 10(d) (Ex. C) and ¶ 14(c) (Ex. I) | $3,510 |
| 12/26/2017 | TD Bank Records of Deposits in Lex MA | Flynn Dec. ¶ 14(a) (Ex.I) | $4,100 |

3

| 1/3/2018 | Observation of Song at TD ATM & TD Bank Records | Flynn Dec. ¶ 8 and ¶ 14(d) (Ex. J) | $1,610 |
|---|---|---|---|
| 3/15/2018 | Cash in Song's vehicle at arrest | Flynn Dec. ¶ 17 (Ex. L) | $2,000 |
| | | | **$16,850 (Total)** |

While the Flynn Declaration, and the PSR, contain additional details that establish that Song was involved in the money laundering organization, the government has included in the calculation any extrapolations or estimates based on this information. This includes: the white envelopes found in Song's trash (Flynn Dec. 10, Exs D, E)(which may be duplicative of the deposit evidence also obtained from the trash); deposits made at the Wells Fargo account in Connecticut (Flynn Dec. 15)(where Song admits he drove to make a deposit on February 1, 2018); deposits made at Bank of America locations (despite the fact that Song had a Bank of America ATM card in T. Kim's name in his car at the time of arrest); or estimates of the amount of money orders sent by Song (despite the evidence that he had obtained and sent money orders). The Government also did not seek to obtain additional bank records beyond those that were previously obtained (which generally were only obtained through early January 2018 and thus did not include a significant percentage of the time Song was working in the organization). The calculation above thus is the most conservative figure that is reasonable, based squarely on evidence in the possession of the Government that directly implicates Song.

The government thus meets its burden of establishing that Song is responsible for more than $15,000 but less than $40,000 of laundered funds, the position the Government indicated in the plea agreement that it would take at sentencing, as supported by the evidence.

### III.  A Guidelines Term of Incarceration for Kyung Song is an Appropriate Specific and General Deterrent

Song was an active and willing member of the money laundering conspiracy. He is not the most culpable member—he did not participate for a long period of time and was not an organizer of the activity. But his actions (driving the women to and from the airport and the brothels, depositing the proceeds into different accounts to conceal their illegal source) were essential for the success of the organization. Individuals that help facilitate the logistics of an interstate prostitution network and money laundering organization should face proportionate sentences that reflect the essential nature of their role and discourage others from facilitating criminal activity. As a matter of both general and specific deterrence, and in order to promote respect for the law, Song should be sentenced to a guidelines term of incarceration.

### CONCLUSION

For the above reasons, the government asks the Court to impose on Song a term of incarceration at the low end of the applicable guideline sentencing range, to be followed by a 12-month term of supervised release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Amy Harman Burkart
David J. D'Addio
Amy Harman Burkart
Assistant U.S. Attorneys

Dated:  February 28, 2019

5

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s/ Amy Harman Burkart*
> Amy Harman Burkart
> Assistant United States Attorney

Date:  February 28, 2019