UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 1:18-CR-10217-1 |
| ) | |
| KYUNG SONG ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Kyung Song, by and through his counsel, hereby submits his Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to 18 U.S.C. §§ 3553 and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. For the reasons stated below, the Defendant submits a sentence of 2 years of probation with a period of community confinement is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

**A. Procedural Sentencing Framework**

In arriving at a fair and just sentence, the court is required to consider the statutory factors under 18 U.S.C. § 3553(a). Although the sentencing guideline is one of the factors, recent United States Supreme Court decisions have made it clear that the Court need not follow it nor give it more weight than the other factors. The Court is only required to give "some weight" to the advisory guidelines, as it would to the other 18 U.S.C. § 3553(a) factors. *Gall v. United States,* 552 U.S. –, 2007 WL 4292116 (Dec. 10, 2007). In *Gall*, the Supreme Court "reject[ed] an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." The Court also "reject[ed] the use of a rigid mathematical formula that uses

1

the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." The Court made it clear that any attempt to give special weight to the sentencing guideline is contrary to its holding in *Booker,* which means the guidelines are advisory. See also, *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). Both cases, decided the same day, make it clear that district courts are only required to give "some weight" to the advisory guidelines, as they are to the other 18 U.S.C. § 3553(a) factors.

An analysis of each of the factors enumerated in 18 U.S.C. § 3553(a), including the specific offence conduct, Mr. Song's background and history, the need for deterrence, the prospect of recidivism, the impact on innocent third parties, and the direction of Congress to avoid sentencing disparities with similarly situated defendants supports a sentence of probation for 2 years. The recommended sentence would best achieve the objectives listed in 18 U.S.C. § 3553(a)(2), as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Such a sentence would also satisfy 18 U.S.C. § 3553(a)'s parsimony clause, which requires that the sentence be "sufficient but not greater than necessary" to accomplish the stated goals of sentencing.

### A. Statement of Facts

Mr. Song was arrested for Money Laundering pursuant to 18 U.S.C. § 1956(h). Mr. Song was engaged in regular private car service prior to his involvement in this matter. He advertised his service in a local newspaper that serve the local Korean community. In late December 2017, he was contacted by the target of the investigation in this case and was hired to provide car service to women who travel to the Boston area. Prior to receiving that phone call, Mr. Song had no

interaction with the individual who called him or anyone involved in the brothels the person operated. In fact, Mr. Song has never met the mangers and operators of the brothel in person.

Mr. Song was directed to pick up women from Logan Airport and transport them to two locations in Cambridge. The women were involved in illegal prostitution. Mr. Song was subsequently provided with ATM cards and was directed to receive money from the women and deposit it into the bank accounts provided. On September 20, 2018, Mr. Song pled guilty to the one-count indictment of Money Laundering.

The entire period of Mr. Song's involvement in providing the service described above was less than two months. Within days of his arrest, Mr. Song, represented by counsel, voluntarily provided a full accounting of his activities, and fully cooperated with the government in his own prosecution.

**I.  The Kinds of Sentences Available**

Mr. Song argues the applicable sentencing guideline range is 6-12 months. The range is based on Total Adjusted Offense Level 10 and Criminal History Category I. The Base Offense Level pursuant to USSG §2S1.1 is 8**.** The Probation Department applied a 6 level enhancement under §2B1.1(b)(1)(D). The enhancement is applicable to amounts over $40,000 but below $95,000. The government's own submission calls for a 4-point increase under §2B1.1(b)(1)(C), not the 6 point applied in the PSR. If the Court finds the applicable amount is greater than $6500 but less than $15,000, then the applicable enhancement is 2-points under §2B1.1(b)(1)(B). Accordingly, the Base Offense Level is 10. The application of the 2-point increase for specific offense characteristics under USSG §2S1.1(b)(2)(B) and a 2-point reduction for acceptance of responsibility, yields a Total Offense Level of 10.

3

The applicable guideline range for Total Offense Level 10 and Criminal History Category I is 6-12 months. Although this guideline range barely falls under Zone B, it does so only because the inexplicable guideline provision that denies Defendants with less than total offense level 16 the third point reduction for acceptance of responsibility. While everyone with total offense level 16 or above is credited with a third point for timely accepting responsibility, Defendant's, like Mr. Song, who fully accepted responsibility, fully cooperated with the government within a week of arrest, and whose acceptance of responsibility and admission of guilt to an information saved the government significant resources are denied the same benefit.

The Commentary to §3E1.1 (b) (Acceptance of Responsibility), states

> Subsection (b) does not apply, however, to a defendant whose offense level is level 15 or lower prior to application of subsection (a). At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.

This reasoning does not hold true in Mr. Song's case. Had his Total Offense Level been 16, his offense level would have been reduced by the full 3 points, which would have resulted in a guideline range of 12-18 months. On the other hand, with a total Offense level 15, he would end up with the same guideline range because he will only receive a 2-point reduction. There is no rational reason that justifies the disparate benefit accorded for the same conduct.

Moreover, a one level reduction results in a reduction of 3 months in the lower end of the guideline range for all offense levels between 14 and 27. On the other hand, it results only in a 2 months reduction in the lower end of the guideline range for levels between 9 and 13. The commentary that the 2 point decrease for offense levels under 16 provides "a greater proportional

reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table" makes no sense. In sum, it is irrational to deny Mr. Song the additional 1 level reduction for his swift and complete acceptance of responsibility. The reduction, if credited, would decrease his total adjusted offense level to 9, placing his guideline range in Zone B.

The above analysis supports the imposition of a sentence of probation in this case.

## II.     Application of the 18 U.S.C. § 3553(a) Sentencing Factors

In arriving at a fair and just sentence, the Court is required to consider the statutory factors under 18 U.S.C. § 3553(a) and may also consider other factors relevant to her sentencing.

### A. History and Characteristics of Kyung Song

Mr. Song is a 52-year-old man from Busan, South Korea. He came to the United States in 2005 as a Legal Permanent Resident. His father died in the 1990s after battling with cancer, and his mother is 82 years old and living in Korea. Mr. Song has four siblings who he maintains a close relationship with, despite the fact that they all live in South Korea. Mr. Song has been married to his wife, Moon Sun Kim, since 1993. They have two children together; Yong Jun Song is 23 years old and Yon Min Son is 18 years old. Yong, a graduate of Rutgers University in New Jersey in Computer Science, is employed as a software designer. Yon is a student as UMass Lowell but is currently at home due to health reasons.

Mr. Song graduated with a bachelor's degree in textile engineering in South Korea in 1989. In 1986 and 1987, Mr. Song was a member of the South Korean Military, completing his mandatory national compulsory service. In 2005, Mr. Song worked for his wife's cleaning business, Moon Cleaners, but stopped when his wife sold the business to buy a Deli shop. Mr. Song and his wife

owned and operated the Deli together from 2007 to 2014, until it closed because of decline in revenue.

Mr. Song worked for a year in the food court at Costco Wholesale in 2015. At the same time, he also worked as a plumber for Young Construction in Cambridge. He then left that position to work as a technician with Alpha New England. Mr. Song left his position with Alpha New England in 2016 to open his own refrigerator repair shop. However, Mr. Song returned to Alpha New England because his shop was not profitable. Mr. Song is currently employed by Service Quick as a technician repairing refrigerators.

In addition to his regular employment, Mr. Song also operated a ride service that he advertised in a website that caters to the local Korean community. He had regular clients that he drove to grocery shops, doctor's appointments and the like. Most of his clients were immigrants or elderly people who needed a Korean speaking driver.

### C. The Need for a Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public from Further Crimes

#### 1. Mr. Song is not Likely to Reoffend

To determine the likelihood of Mr. Song's recidivism, it's proper for the Court to consult "*Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*," a report issued by the United States Sentencing Commission. *See United States v. Nellum*, 2005 WL 300073 at *3 (N.D. Ind. Feb 3, 2005) (Report is available at http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism_Criminal _History.pdf). In its report, the Sentencing Commission identified several factors that affect recidivism including age, employment status, and educational attainment. The report, which was

the first comprehensive study and report of the Sentencing Commission on recidivism found as follows:

- Age at Sentence: "Recidivism rates decline relatively consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates. Among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent."

- Employment Status: Offender "with stable employment in the year prior to their instant offense are less likely to recidivate (19.6%) than are those who are unemployed (32.4%). The difference between the employed and unemployed recidivating declines in the higher CHCs, until offenders in CHC VI have virtually the same recidivism rate regardless of their employment status in the year prior to their instant offense.

- Educational Attainment: "recidivism rates for offenders with different educational backgrounds. Overall, offenders with less than a high school education are most likely to recidivate (31.4%), followed by offenders with a high school education (19.3%), offenders with some college education (18.0%), and offenders with college degrees (8.8%)."

Mr. Song is 52 years of age, which places in the lowest category. He had a stable employment in the the year prior to his arrest in this case. Additionally, he has a bachelor's degree in textile engineering.

In addition to the Sentencing Commission's recidivism report referenced in *Nellum*, the Sentencing Commission issued a report entitled "*Recidivism and the First Offender*" available at: *http://www.ussc.gov/Research_Publications/Recidivism/200405_Recidivism_First_Offender.pdf*. In that report, the Sentencing Commission determined that **93.2%** of offenders who had never before been arrested did *not* recidivate. *Id.* A defendant's lack of criminal history, as in Mr. Song's case, should therefore be an even more significant factor that a court takes into account at sentencing. Mr. Song has zero criminal history point. The Sentencing Commission's recidivism study established that offenders with zero criminal history points have a lower recidivism rate than offenders with one criminal history point, and that offenders with zero criminal history points and no

7

prior contact with the criminal justice system have an even lower recidivism rate. *See* Tracey Kyckelhahn & Trishia Cooper, U.S. Sentencing Comm'n, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders at 6–9(2017) (https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research publications/2017/20170309_Recidivism-CH.pdf).

Finally, Mr. Song qualifies the definition of a "non-violent first offender" under the new amendment to the Sentencing Guideline. The new application note defines a "nonviolent first offender" as a defendant who (1) has no prior convictions or other comparable judicial dispositions of any kind; and (2) did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense." Mr. Song meets this criteria and, by all measures, poses the very minimal risk of reoffending. In fact, given the horrifying experience of being in prison for the first time and the enormity of the consequences he faced as a result of this case, he will be extra vigilant and meticulous in following the law in all aspects of his life.

**2.    Mr. Song has displayed exemplary post arrest conduct**

Mr. Song has been released on unsecured bond with strict pretrial conditions since March 27, 2018. He has not violated the terms of his pretrial conditions.

**3.    Incarceration is More Significant for a "First Offender" than Upon a
         Repeat Offender**

The Court can, and should, consider the fact that prison time is more significant for a "first offender" than it is upon a repeat offender who has previously served time in prison. This is a proper factor to consider under 18 U.S.C. § 3553(a). In *United States v. Baker*, 445 F.3d 987 (7th Cir. 2006), the Court held that a 78-month prison term would mean more to Baker, convicted of child pornography, than to a defendant who had been previously imprisoned. *Id.* The Seventh

Circuit also noted this factor is consistent with 18 U.S.C. § 3553's directive that this sentence reflect the need for "just punishment" and "adequate deterrence." *Id.*

In *United States v. Willis*, 479 F.Supp.2d 927 (E.D.Wis. 2007), the district court sentenced Willis to one year and one day of imprisonment instead of the 120 months recommended by the sentencing guidelines, in part, on a finding that the "sentence provided a substantial punishment for someone like [Willis], who had never before been to jail and who engaged in no violence." *Willis*, 479 F. Supp. 2d at 937. Likewise, in *United States v. McGee*, 479 F. Supp. 2d 910 (E.D. Wis. 2007), the district court imposed a sentence for heroin distribution below the advisory Guidelines range, in part, because McGee "had never before been to prison and '[g]enerally a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than it is necessary to deter the defendant who has already served serious time yet continues to re-offend.'" *McGee*, 479 F. Supp. 2d at 912 (*quoting United States v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005)).

Mr. Song asks this Court to take into account that he has *never* before been imprisoned for any length of time. Given his background, the limited time he was involved in the overall criminal conduct, the manner in which he became involved in the criminal activity, his age, educational background, employment record, family status, and lack of any prior involvement in the criminal justice system, the limited but significant few days he has already spent in prison, a sentence of 2 years of probation with a period of community confinement is sufficient but not greater than necessary to achieve the goals of sentencing.

9

# I. Conclusion

Mr. Song respectfully submits that the application of each of the factors enumerated in 18 U.S.C. § 3553(a), including the specific offence conduct, Mr. Song's background and history, the need for deterrence, the prospect of recidivism, the impact on innocent third parties, and the direction of Congress to avoid sentencing disparities with similarly situated defendants supports a sentence of of 2 years of probation with a period of community confinement.

KYUNG SONG
By his counsel

/s/ *Derege B. Demissie*
DEREGE B. DEMISSIE
DEMISSIE & CHURCH
929 Massachusetts Ave., Suite 101
Cambridge, MA 02139
Ph: (617) 354-3944
Fax: (617) 868-2520
dd@demissiechurch.com

March 1, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2019.

/s/ *Derege B. Demissie*
DEREGE B. DEMISSIE